**Nathaniel JONES, Plaintiff,**

v.

**NATIONAL COMMUNICATION AND SURVEILLANCE NETWORKS, State of New York, State of New Jersey, State of Delaware, State of Maryland, State of Virginia, State of North Carolina, State of South Carolina, State of Georgia, John Doe, in his official capacity, Jane Doe, in her official capacity, New York Police Department, New York City Sheriff's Department, New York Fire Department, City of New York, City of Mt. Vernon, Mt. Vernon Police Department, Mt. Vernon Fire Department, Mt. Vernon Board of Education, Willie McCray, in his official capacity, M.H. Dudley, individually, Thomas Monroe Turner, in his official capacity, Thomas Monroe Turner, individually, Kirk Sook-**

deeo, individually, Larry Barnes, in his individual capacity, Larry Barnes, individually, Met Food, Western Beef, Shoprite, Fox Five News, Gerard Joseph, in his official capacity, Gerard Joseph, individually, Raphael Joseph, in his official capacity, Raphael Joseph, individually, Carter Brothers, King Teleservices, Ocwen Bank, Nation Banc, Department of Health and Human Services, Center for Disease Control, Federal Contractors, United States Postal Service, Rosicki Rosicki & Associates, Bruce Johnson, in his official capacity, Bruce Johnson, individually, Golden Wexler and Sarnesis, Henry Solly, Patricia Solly, Verizon Communications, Inc., Home Box Office, Defendants.

No. 05 Civ. 3461(AKH).

United States District Court,
S.D. New York.

Jan. 12, 2006.

Nathaniel Jones, New York, NY, pro se.

Casey Devin Laffey, Sr, Reed Smith (NYC), New York, NY, for National Communication And Surveillance Networks.

Monica Anne Connell, New York State Office of Attorney General, New York, NY, for State of New York.

Aney K. Chandy, Assistant Attorney General, Newark, NJ, Monica Anne Connell, New York State Office of the Attorney General, New York, NY, for State of New Jersey.

Sabrina Melissa Tann, New York City Law Depart. Office of the Corporation Counsel, New York, NY, for New York Police Dept., NYC Sheriff's Dept., Fire Dept. New York.

Hina Sherwani, Helen M. Blackwood, Esq., Corporation Counsel, Mt. Vernon, NY, Nichelle Aniece Johnson, City of Mount Vernon, Dept. of Law, Mount Vernon, NY, for City of Mt. Vernon.

Hina Sherwani, Helen M. Blackwood, Esq., Corporation Counsel, Mt. Vernon, NY, for Mt. Vernon Police Dept., Mt. Vernon Fire Dept.

Lewis R. Silverman, Rutherford & Christie, LLP, New York, NY, for Mt. Vernon Bd. of Ed., Willie MrCray, M.H. Dudley, Thomas Monroe Turner, Kirk Sookdeeo, Larry Barnes.

Richard W. Wedinger, Barry Mctiernan & Moore (NJ), Jersey City, NJ, for Western Beef.

Jason Paul Conti, Hogan & Hartson, L.L.P., New York, NY, Richard Bloom, Hogan & Hartson L.L.P., New York, NY, Slade R. Metcalf, Hogan & Hartson Llp, New York, NY, for Fox Five News.

David O. Wright, Quinn & Assoc., Yorktown Heights, NY, for Gerard Joseph, Raphael Joseph.

George O. Richardson, III, Sullivan & Worcester LLP(NY), New York, NY, for King Teleservices.

Daniel Lucas Cantor, O'melveny & Myers LLP, New York, NY, for Ocwen Bank.

Andrew Brooks Messite, Reed Smith, LLP (PA), Philadelphia, PA, Casey Devin Laffey, Sr, Reed Smith (NYC), New York, NY, for NationBanc.

Kristin Lynn Vassallo, U.S. Attorney'S Office, New York, NY, for DHHS, CDC, U.S. Postal Service.

Owen Michael Robinson, Rosicki, Rosicki & Associates (Carle Pl), Carle Place, NY, for Rossicki Rossicki & Assoc.

Joel Gary Wexler, Golden, Wexler & Sarnese, P.C., Garden City, NY, for Golden Wexler And Sarnesis.

Joseph Serino, JR., Kirkland & Ellis LLP (NYC), New York, NY, Robert Cohen, New York, NY, William H. Pratt, Kirkland & Ellis, New York, NY, for Verizon Communications Inc.

William A. Rome, Hoffman and Pollok, New York, NY, for Home Box Office.

### ORDER DISMISSING AMENDED COMPLAINT

HELLERSTEIN, District Judge.

Plaintiff, proceeding *pro se,* filed his Amended Complaint May 12, 2005, alleging various constitutional violations under Title 42, United States Code, Sections 1981, 1982, 1983, 1985, and 1986. His complaint further alleges ancillary claims of defamation, racketeering, and other torts. He seeks compensatory damages of over $150 million as well as injunctions and protective orders.

Plaintiff's Amended Complaint names the following defendants:[1] (1) Department of Health and Human Services, Center for Disease Control, National Communication and Surveillance Networks (a non-existent federal agency), and United States Postal Service (the "Federal Defendants"); (2) State of Delaware, State of New York, State of New Jersey, State of Maryland, State of Virginia, State of North Carolina, State of South Carolina, and State of Georgia (the "State Defendants"); (3) City of New York, New York Police Department, New York City Sheriff's Department, New York Fire Department, City of Mt. Vernon, Mt. Vernon Police Department, and Mt. Vernon Fire Department (the "City Defendants"); (4) Mt. Vernon Board of Education, Willie McCray, Al Goojoin, M.H. Dudley, Thomas Monroe Turner, Kirk Sookdeo, and Larry Barnes (the "Mt. Vernon Board of Education Defendants"); (5) Met Food, Carter Brothers, King Tel-eservices, Western Beef, Shoprite, Fox Five News, Home Box Office, Verizon Communications, Inc., Rosicki, Rosicki & Associates, Golden, Wexler & Sarnese, Ocwen Loan Servicing, LLC· (incorrectly named as "Ocwen Bank"), and Nations-Banc (the "private entities"); and (6) John Doe, Jane Doe, Bruce Johnson,· Gerard Joseph and Raphael Joseph (the "individual Defendants").

Plaintiff's Amended Complaint arises from events that occurred over the last seven years at and around his places of residence, 2105 Wallace Avenue, Apartment 5G, Bronx, New York, and 774 South Fifth Avenue, Mount Vernon, New York, as well as at or around his places of employment, including Mt. Vernon High School, and at various locations he visited during vacation. To the extent that it can be ascertained, Plaintiff alleges various constitutional violations arising out of a purported conspiracy among the several Defendants to place Plaintiff under surveillance in order to harass and intimidate him in retaliation for his role as counsel in certain legal proceedings. Plaintiff narrates a series of harassing events, allegedly perpetrated by private entities and individuals names as Defendants, that he claims were facilitated by policies adopted by Federal, State, City, and Mt. Vernon Board of Education Defendants. Those policies, he claims, were pursued in furtherance of the Public Health Improvement Act, 42 U.S.C. § 247d–4 (2000). In a haphazard, repetitive narrative of fifty-eight pages, Plaintiff recounts what he believes to have been repeated stalking by neighbors, police officers, HBO van driv-

---

**1.** The court docket sheet reveals that the following Defendants have been "terminated" previously, for various reasons: District of Columbia, Officer Martinez, in his official capacity, Officer Martinez, individually, Willie McCray, individually, Mr. Lovejoy, in his official capacity, Mr. Lovejoy, individually, M.H. Dudley, in his official capacity, Jane Doe, individually, Kirk Sookdeeo, in his official capacity, Renee Davis, in his/her individual capacity, Renee Davis, individually, Prince Telecom, Computer Business Associates, and Career Blazer.

ers, pit bulls, children, and teachers, as well as surveillance of his home, phone, and car, and dissemination of information gathered from such surveillance. Plaintiff concludes that these actions violate his rights under various articles of the Constitution.

Certain defendants—Federal Defendants, State of New York, State of New Jersey, State of Maryland, State of Georgia, City Defendants, Mt. Vernon Board of Education Defendants, Fox Five News, King Teleservices, Ocwen Bank, NationsBanc, Rosicki, Rosicki & Associates, Verizon Communications Inc., Home Box Office, Gerard Joseph, and Raphael Joseph— have individually moved for dismissal of Plaintiff's Amended Complaint pursuant to Rules 8(a), 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Amended Complaint is dismissed as to those Defendants.

Certain defendants—Western Beef, Shoprite, Golden Wexler and Sanesis, Henry Solly, and Patricia Solly—have individually answered Plaintiff's Amended Complaint, but have not filed motions to dismiss. Because these Defendants are similarly situated to Defendants that moved for dismissal of the Amended Complaint, the Amended Complaint is also dismissed as to these Defendants.

Certain defendants—State of Delaware, Met Foods, Carter Brothers, and Bruce Johnson—have not answered the Amended Complaint. For the same reasons, upon application, the Amended Complaint will be dismissed as to those Defendants as well.

## I. Insufficient Pleadings

### A. *Standards on a Rule 8(a)(2) Dismissal*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see, e.g., Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). A complaint should be dismissed if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin,* 861 F.2d at 42. A mere "litany of vague and conclusory allegations whose relevance to the asserted claims is uncertain" is not a plain statement in compliance with Rule 8. *Martin Luther King Jr. H.S. Parents v. New York City Dep't of Educ.,* 2004 WL 1656598, at *2 (S.D.N.Y. July 23, 2004). For example, a claim that fails to "identify any particular defendant that committed any specific act of wrongdoing" and fails to "reveal the specific relationship, if any, [the] defendants share" is insufficient pleading under Rule 8(a)(2). *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.,* 2004 WL 2813121, at *7 (S.D.N.Y. Dec.8, 2004) (dismissing complaint naming seventeen defendants that generally referred to conduct of all defendants without differentiating conduct of particular defendants or describing how parties were interrelated). Rule 8 seeks to avoid placing " 'an unjustified burden on the court and on the [parties] who must respond to [the complaint] because they are forced to select the relevant material from a mass of verbiage.' " *Roberto's Fruit Mkt., Inc. v. Schaffer,* 13 F.Supp.2d 390, 395 (E.D.N.Y.1998) (quoting *Lonesome v. Lebedeff,* 141 F.R.D. 397, 398 (E.D.N.Y.1992)) (alteration in original). *Pro se* litigants are understandably held to a less rigorous standard than litigants benefiting from professional counsel. Nevertheless, dismissal of a *pro se* litigant's complaint may still be appropriate under Rule 8(a)(2). *See Prezzi v. Schelter,* 469 F.2d 691, 692 (2d

Cir.1972); *Solomon v. H.P. Action Center, H.P.D.,* 1999 WL 1051092, at *1 (S.D.N.Y. Nov.19, 1999).

### B. *Standards on a Rule 9(b) Dismissal*

Rule 9 of the Federal Rules of Civil Procedure requires that allegations of fraud be pled with particularity. Fed. R.Civ.P. 9(b). In order to survive a Rule (9)(b) motion, a plaintiff must plead with particularity "(1) those statements the plaintiff thinks were fraudulent, (2) the speaker, (3) where and when they were made, and (4) why plaintiff believes the statements fraudulent." *Koehler v. Bank of Bermuda (New York) Ltd.,* 209 F.3d 130, 136 (2d Cir.2000), *amended by* 229 F.3d 424 (2d Cir.2000). The complaint must allege with particularity facts that give rise to a strong inference of fraudulent intent. *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.,* 84 F.3d 629, 634 (2d Cir.1996).

### C. *Discussion*

■ Plaintiff's Amended Complaint is comprised of fifty-eight single-spaced pages of allegations, in addition to multiple exhibits and ninety pages of attached "law." It requests over twenty-one claims of relief under multiple provisions of the U.S. Constitution and federal and state statutes against nearly fifty named Defendants. Its often repetitive and unstructured narrative strings together multiple menacing events which Plaintiff alleges constitute a wide-flung conspiracy whose object is to harass and intimidate him. The allegations are largely conclusory, providing no factual or legal basis for Defendants' liability. Plaintiff's ambiguous and unintelligible complaint renders impossible any meaningful response by Defendants, or analysis by the Court. Plaintiff argues that the numerous Defendants

named in the case and the various events underlying it require a lengthy complaint. However, by even the lower standard required of *pro se* plaintiffs' complaints, Plaintiff's Amended Complaint fails to provide a short, clear statement of claim as required by Rule 8. And it should be noted, Plaintiff, although proceeding *pro se,* is a practicing attorney, indeed, an attorney with litigation experience.

■ Specifically, under the heightened pleading requirements of Rule 9(b), Plaintiff's Amended Complaint fails to allege when, where, and how Defendants Ocwen, Rosicki, Rosicki & Associates, and others allegedly made misrepresentations, why Plaintiff believes such representations were fraudulent, and whether such representations were made with intent to defraud Plaintiff. Such insufficient pleadings require the claims of fraud to be dismissed.

Ordinarily, I would dismiss with leave to re-plead consistently with the rulings of this Order. However, as the continuing discussion shows, there is no merit to Plaintiff's Amended Complaint as to any Defendants, and therefore no reason to grant leave to Plaintiff to re-plead.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. *Standards on a Rule 12(b)(1) Motion to Dismiss*

A Rule 12(b)(1) motion requires the court to determine whether it has subject matter jurisdiction over a plaintiff's claim. Fed.R.Civ.P.R. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be granted only if a plaintiff fails to prove by a preponderance of evidence that subject matter jurisdiction exists over her complaint. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). A court must liberally construe a *pro se* litigant's papers when

considering a motion to dismiss under Rule 12(b)(1). *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995).

### B. *12(b)(1) Discussion*

#### 1. Federal Defendants

Plaintiff's claims for relief against the Federal Defendants—claims 2, 5, 8, 13, 17, 18, 19, and 21—allege that the Federal Defendants conspired with other Defendants to engage in unlawful surveillance and harassment that violated Plaintiff's rights under Sections 1981, 1982, 1983, 1985 and 1986 of Title 42 of the United States Code, as well as under the Federal Tort Claim Act and RICO. Plaintiff further alleges that the United States Postal Service negligently transmitted or intentionally miscarried a letter sent by Plaintiff to the FBI, and that the Department of Health and Human Services and the Center for Disease Control maintained certain unspecified records in violation of the Freedom of Information Act and the Privacy Act.

▉▉▉ The sovereign immunity of the U.S. government is firmly established. Under that doctrine, the U.S. government cannot be sued without its consent in any case. *United States v. Lee*, 106 U.S. 196, 204–05, 1 S.Ct. 240, 27 L.Ed. 171 (1882); *see also United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Congress can, however, waive sovereign immunity through statutes explicitly establishing a cause of action against the federal government. The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42. *Harrison v. Potter*, 323 F.Supp.2d 593, 604 (S.D.N.Y.2004). Neither has the U.S. government waived its immunity from claims under RICO. *Spinale v. United States*, 2004 WL 50873, at *7–8 (S.D.N.Y. Jan.9, 2004). Waiver of sovereign immunity has been established under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), which makes the United States liable for the tortious actions of its employees. Actions cognizable under the FTCA are limited to those instances where the claim has already been presented to, and disposed of, by the responsible agency, *id.* § 2675; *Millares v. United States*, 137 F.3d 715, 719 (2d Cir.1998), though such actions must name as a defendant the United States, not the defendant agency. *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 n. 1 (2d Cir.1987). In no cases can actions be brought against the United States for negligence by the Postal Service in the delivery of mail. 28 U.S.C. § 2680(b).

▉▉▉ Under these standards, Plaintiff's Amended Complaint must be dismissed as to the Federal Defendants. First, the gravamen of Plaintiff's complaint against the Federal Defendants is civil rights violations, for which the Federal Defendants are immune to suit. Second, Plaintiff has failed to exhaust administrative remedies prior to bringing suit under the FTCA. Third, no suit is available for negligent carrying of mail against the United States Postal Service. For these reasons, Plaintiff's Amended Complaint must be dismissed under Rule 12(b)(1) as to the Federal Defendants for lack of subject matter jurisdiction.

#### 2. State Defendants

Plaintiff's claims for relief against the State Defendants—claims 2, 5, 7, 8, and 13—allege that the various states named as Defendants in his Amended Complaint entered into interstate compacts to conspire with other Defendants to engage in unlawful surveillance and harassment activities that violated *inter alia* Plaintiff's right to privacy under Sections 1981, 1982,

1983, 1985, and 1986 of Title 42. Plaintiff further alleges that contracts entered into by the states pursuant to the Public Health Improvement Act, 42 U.S.C. § 247d–4, constitute constructive waivers by the State Defendants of their immunity otherwise provided for by the Eleventh Amendment. The claims against the State Defendants must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the states are immune to suit in federal court, and because no showing has been made that they waived their immunity.

■■■■ The Eleventh Amendment bars from federal court all suits for legal or equitable relief brought by citizens against unconsenting states, and agencies of such states. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (reaffirming *Edelman*, Section 1983 does not override immunity granted to states under Eleventh Amendment). There are two recognized exceptions to the bar on suits: when Congress authorizes such a suit through enforcement of Section 5 of the Fourteenth Amendment, and when a state consents to being sued. *College Sav. Bank*, 527 U.S. at 670, 119 S.Ct. 2219. For an act by Congress to constitute a waiver, the legislation must "explicitly and by clear language indicate on its face an intent to sweep away the immunity of the [s]tates." *Quern*, 440 U.S. at 345, 99 S.Ct. 1139.

Similarly, any alleged consent by a state of immunity under the Eleventh Amendment must be clear and express. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

■■■■ First, Congress has shown no intention of waiving states' immunity in the civil rights statutes at issue. Sections 1981 to 1986 of Title 42, the provisions that Plaintiff claims Defendants violated through interstate agreements, do not constitute a congressional waiver of state immunity. Instead, they create causes of action against individuals for violations of civil rights. *See Will v. Mi. Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (extending immunity to suits brought against states pursuant to Civil Rights Act).

Second, the State Defendants are unconsenting states. The states have not explicitly consented to suit under the statute at issue. For example, the State of New York has not consented to suit in federal court, and there is no express statutory waiver permitting New York State to be sued in federal court in this case. *See Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 600–01 (2d Cir.1999). Similarly, the State of New Jersey has not waived its sovereign immunity with respect to civil rights claims brought against it in federal court. *Garcia v. Richard Stockton Coll. of N.J.*, 210 F.Supp.2d 545, 550 (D.N.J.2002). Though Plaintiff alleges that contracts entered into by the State Defendants to create national communications and surveillance networks constitute constructive waivers of Eleventh Amendment immunity, it is clear that actions by a state in a substantive context cannot by themselves constitute a constructive waiver in any circumstance. *College Savings Bank*, 527 U.S. at 675–86, 119 S.Ct. 2219.

Accordingly, the Eleventh Amendment bars Plaintiff's claims against these Defen-

dants, and the Amended Complaint must be dismissed under Rule 12(b)(1) as to the State Defendants for lack of subject matter jurisdiction.

### 3. City Defendants

Plaintiff's claims for relief against the City Defendants—claims 2, 5, 6, 9, 10, and 14—allege that the New York City and Mt. Vernon City Defendants named in Plaintiff's Amended Complaint conspired with other Defendants to engage in unlawful surveillance and harassment that violated Plaintiff's rights under Sections 1981, 1982, 983, 1985 and 1986 of Title 42. Plaintiff further alleges that the City Defendants engaged in unlawful surveillance, harassment, and false arrest. The City of New York and the City of Mt. Vernon separately move the Court to dismiss the claims pursuant to Rule 12(b)(1).

Cities may be immune to suit under the Eleventh Amendment, to the extent that funds come from the state and the state and municipality cooperate in operating the program in question. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 123–24, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (extending state sovereign immunity to cooperating municipalities). Cities are also immune to suit to the extent that a municipality cannot be held liable under the doctrine of *respondeat superior* for the acts of its employees acting within the scope of their authority. *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (limiting municipal liability to individual employees). Cities are, however, liable to suit under Section 1983 to the extent that a plaintiff alleges that a municipal policy or custom caused the deprivation of his/her constitutional rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding notice pleading of policy in violation is sufficient for Section 1983 suits against local governments). In order to allege properly a policy or custom, a plaintiff must establish one of the following: (1) a formal policy promulgated by the city, *Monell,* 436 U.S. at 660, 98 S.Ct. 2018; (2) a policy implemented by the city's delegatees of final decision-making authority, including municipal agencies and individuals, *see, e.g., id.* at 661, 694, 98 S.Ct. 2018; *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); (3) a policy of inadequate training or supervision, *City of Canton v. Harris,* 489 U.S. 378, 386–88, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); or (4) a custom based on well-settled practices of the city, *Gentile v. County of Suffolk,* 926 F.2d 142, 152 (2d Cir.1991).

Taking all the facts alleged in the Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff fails to state a cause of action under Section 1983 against Defendant City of New York or Defendant City of Mt. Vernon. Plaintiff merely makes conclusory statements as to the existence of a city policy to engage in surveillance and harassment of Plaintiff and as to the failure to properly train police officers; but a policy does not exist in the context of a single application or set of applications, and that is all Plaintiff alleges. *See Brown v. City of New York,* 306 F.Supp.2d 473, 477 (S.D.N.Y.2004) ("The existence of a municipal policy or practice entailing deprivations of constitutional rights cannot be grounded solely on the conclusory assertions of the plaintiff."). Moreover, having alleged that the City Defendants acted in concert with the Federal and State Defendants, the City Defendants may be immune to suit under the Eleventh Amend-

ment. *See Halderman,* 465 U.S. at 123–24, 104 S.Ct. 900. As such, Plaintiff's Amended Complaint must be dismissed as to Defendants City of New York and City of Mt. Vernon under Rule 12(b)(1).

City agencies, like federal and state agencies, are immune to suit to the extent that the suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396. Plaintiff named as defendants New York City Police Department, New York City Fire Department, and New York City Sheriff's Department, as well as Mt. Vernon Police Department and Mt. Vernon Fire Department, which are agencies of the Cities of New York and Mt. Vernon respectively. As such, Plaintiff's Amended Complaint must be dismissed as to those Defendants under 12(b)(1) for failure to name defendants amendable to suit.

#### 4. NationsBanc

Plaintiff's claims of relief against Defendant NationsBanc—claims 3 and 18—allege that Defendant NationsBanc violated Plaintiff's rights under Sections 1981, 1982, 1983 and RICO. Specifically, Plaintiff alleges that Defendant NationsBanc misrepresented certain facts in a foreclosure proceeding in Bronx Supreme Court, for which Plaintiff was defense counsel. Plaintiff claims those misrepresentations created an appearance of fraud perpetrated by Plaintiff and his clients. Plaintiff further alleges that Defendant NationsBanc used wire and mail fraud to ensure that Plaintiff would no longer be able to secure new clients. EMC Mortgage Corporation, as assignee of Defendant NationsBanc, moves the court to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6).

A district court lacks any authority to review final judgments of a state court. *District of Columbia Court of Ap-*

*peals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (collectively, the "*Rooker–Feldman* doctrine"). Jurisdiction is warranted in cases where plaintiffs seek constitutional review of a rule or statute that was relied upon by the state court, but unwarranted in cases where plaintiffs allege that the state court committed a constitutional error in arriving at its decision. *Pal v. Garvey,* 1998 WL 427677, at *2 (S.D.N.Y. July 28, 1998) (citing *Campbell v. Greisberger,* 80 F.3d 703, 707 (2d Cir.1996); *Brooks–Jones v. Jones,* 916 F.Supp. 280, 282 (S.D.N.Y. 1996)). Federal courts may not hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005).

Plaintiff's claims against Defendant NationsBanc arise out of a state court foreclosure proceeding, for which a final judgment was reached. Plaintiff seeks to reopen the issue before this Court, arguing that his clients should have prevailed in the state court foreclosure proceeding. Jurisdiction is thus unwarranted for the claims against Defendant NationsBanc, since Plaintiff is alleging he was damaged by Defendant NationsBanc's actions in a state court proceeding. Plaintiff's claims against Defendant NationsBanc must be dismissed for lack of subject matter jurisdiction.

### III. Motion to Dismiss for Failure to State a Claim for Relief

#### A. *Standards on a Rule 12(b)(6) Motion to Dismiss*

A Rule 12(b)(6) motion requires the court to determine whether a plaintiff has

stated a legally sufficient claim. Fed. R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991). The court's function is "not to assay the weight of the evidence which might be offered in support" of the complaint, but "merely to assess the legal feasibility" of the complaint. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). In evaluating whether a plaintiff may ultimately prevail, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994). A plaintiff cannot survive a motion to dismiss simply by stating legal conclusions as if they were facts. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Specifically, claims alleging conspiracies to violate civil rights must be pled with specificity. *Brewster v. Nassau County*, 349 F.Supp.2d 540, 547 (E.D.N.Y.2004). However, a complaint submitted *pro se* must be liberally construed and is held to a less rigorous standard of review than formal pleadings drafted by an attorney. *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Salahuddin*, 781 F.2d at 28–29.

### B. *Rule 12(b)(6) Discussion*

#### 1. Sections 1981 and 1982

Plaintiff's Amended Complaint pleads various claims of relief—claims 1, 3, 4, 5, 10, and 11—against the private entities and individuals named as Defendants under Sections 1981 and 1982 of Title 42. Specifically, Plaintiff alleges that Defendants Home Box Office, Verizon, Nations-Banc, Ocwen Bank, King Teleservices, Gerard Joseph, Raphael Joseph, and the Mt. Vernon Board of Education violated his "right to sue, right to make and enforce contracts, right to full and Equal benefit of all laws and guarantees the same property rights as whites." Am. Complaint, p. 28, ¶ 1. These allegations appear to arise from Plaintiff's representation of clients in law suits with some of the Defendants as adverse parties, as well as from Plaintiff's employment by various Defendants.

Section 1981 affords "[a]ll persons ... the right ... to make and enforce contracts, to sue, be parties, give evidence." 42 U.S.C. § 1981(a). Section 1982 affords "[a]ll citizens ... the same right ... to inherit, purchase, lease, sell, hold, and convey real and personal property." *Id.* § 1982. To state a sufficient claim for relief under Sections 1981 and 1982, the complaint must specifically allege (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more activities enumerated in Section 1981 or Section 1982. *Puglisi v. Underhill Park Taxpayer Ass'n*, 947 F.Supp. 673, 700 (S.D.N.Y.1996), *aff'd*, 125 F.3d 844, 1997 WL 609212 (2d Cir.1997).

Plaintiff fails to present a sufficient claim for relief under Sections 1981 or 1982. Though Plaintiff does mention that he is African American, and thus a member of a racial minority, the Amended Complaint fails to allege any discriminatory intent based upon race on the part of any Defendant. The Amended Complaint is devoid of any facts from which it can be inferred that there was any discriminatory intent. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir.1999) (affirming dismissal of Section 1981 claims because

complaint "vaguely refers to some 'conspiracy' and hints at some tenuous link between this 'conspiracy' and the fact that [plaintiff] is black"); *Jenkins v. Arcade Bldg. Maint.*, 44 F.Supp.2d 524, 528 (S.D.N.Y.1999). The Amended Complaint similarly fails to include any facts showing a hindering of Plaintiff's right to participate effectively in legal proceedings, or effectively to represent his clients in legal proceedings. Finally, the Amended Complaint fails to include any facts showing a hindering of Plaintiff's right to participate effectively in the possession or transfer of real and personal property. Plaintiff's representation of losing parties in a foreclosure proceeding does not amount to an illegal hindering of Plaintiff's rights under Section 1982. And the Complaint is not saved by conclusory allegations that are inconsistent with the facts pled, or a common sense understanding of those facts. As such, the allegations under Sections 1981 and 1982 contained in Plaintiff's Amended Complaint must be dismissed as to all Defendants under Rule 12(b)(6).

### 3. Section 1983

Plaintiff's Amended Complaint pleads various claims of relief—claims 1, 2, and 3—against non-state Defendants under Section 1983 of Title 42. Specifically, Plaintiff alleges that Defendants Home Box Office, Verizon, King Teleservices, Ocwen Bank, Mt. Vernon Board of Education, Gerard Joseph, and Raphael Joseph, and Rosicki, Rosicki & Associates acted under color of law in "specific conduct that is the proximate cause of plaintiff's injuries suffered under" Section 1983. Am. Complaint p. 5, ¶ 2; p.6 ¶ 9. These allegations appear to arise from the alleged surveillance, stalking and harassment of Plaintiff by these Defendants.

■ Section 1983 creates a federal cause of action for deprivation of any fed-

eral "right ... privilege ... or immunity" by a person acting "under color of any statute, ordinance, regulation, custom, or usage of any State." 42 U.S.C. § 1983. Private entities, such as the remaining Defendants, can be subject to Section 1983 liability only if they " 'jointly engaged with state officials in the challenged action' " to deny a person a federal right. *Vazquez v. Combs*, 2004 WL 2404224, at *3 (S.D.N.Y. Oct.22, 2004) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998)). For such a nexus between private and state entities to exist, the "state must have exerted its coercive power over, or provided significant encouragement to, the defendant." *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996), *aff'g*, 898 F.Supp. 146 (E.D.N.Y. 1995).

■ The conclusory allegations of Plaintiff's Amended Complaint do not sensibly allege any action "under color of law." There is no allegation of a Defendant "jointly engaged with state officials." *Vazquez*, 2004 WL 2404224, at *3. Taking all the facts alleged in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff does not state a cause of action against the private entities or individuals for violation of his rights under Section 1983.

### 4. Section 1983 Conspiracy

Plaintiff's Amended Complaint also alleges that the private entities named as Defendants conspired with the Federal, State and City Defendants to engage in surveillance, stalking and harassment of Plaintiff, in violation of his rights under Section 1983.

■ In order to prevail on a claim of conspiracy for deprivation of civil rights under Section 1983, a plaintiff must allege facts demonstrating that the private entity acted in concert with the state actor,

specifically that (1) two or more people entered into an agreement; (2) the alleged co-conspirators shared in the general objective of the conspiracy; and (3) the particular defendant committed an act in furtherance of the conspiracy. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir.2002). Complaints containing only "conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *Id.* at 325.

Here, Plaintiff makes vague, general, conclusory allegations regarding the existence of a conspiracy, never properly alleges a meeting of the minds, nor identifies the individuals that effected such agreement. Taking all the facts alleged in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff does not state a cause of action for a conspiracy to violate Plaintiff's rights under Section 1983 against any Defendant. As such, conspiracy allegations under Section 1983 contained in Plaintiff's Amended Complaint must be dismissed as to all Defendants under Rule 12(b)(6).

### 5. Section 1985

Plaintiff's Amended Complaint pleads various claims of relief—claims 4, 5, 10, 11, and 16—against private entities and individuals names as Defendants under Section 1985 of Title 42. Specifically, Plaintiff alleges that Home Box Office, Verizon, King Teleservices, Ocwen Bank, Mt. Vernon Board of Education, Gerard Joseph, and Raphael Joseph, and Rosicki, Rosicki & Associates conspired with others to violate his rights under Section 1985. Allegedly, Defendants conspired to deprive Plaintiff of his equal protection of laws through surveillance, stalking and harassment of Plaintiff. Plaintiff alleges that

such actions deprived him of is right to privacy, free speech, due process, privileges and immunities, and travel.

Section 1985(3) creates a federal cause of action where two or more persons conspire for the purpose of "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Section 1985(2) creates a similar cause of action where, specifically, persons conspire for the purpose of obstructing justice and intimidating a party, witness or juror. *Id.* § 1985(2). To make a successful claim under Section 1985, a plaintiff must allege facts showing " 'class-based invidiously discriminatory animus' " behind the alleged conspiracy. *United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL–CIO v. Scott*, 463 U.S. 825, 834, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Again, conclusory allegations are inadequate to make out a claim under Section 1985. *Salgado v. City of N.Y.*, 2001 WL 290051, at *8 (S.D.N.Y. Mar.26, 2001); *Sadler v. Brown*, 793 F.Supp. 87, 90 (S.D.N.Y.1992).

Plaintiff's Amended Complaint has not alleged any facts purporting to show how Defendants conspired in a "class-based invidiously discriminatory" manner to deprive Plaintiff of equal protection or of equal privileges and immunities. *United Brotherhood*, 463 U.S. at 834, 103 S.Ct. 3352. Neither has the Amended Complaint alleged any facts purporting to show that Defendants acted with discriminatory intent. Taking all the facts alleged in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff does not state a cause of action for a conspiracy to violate Plaintiff's rights under Section 1985 against any Defendant. As such, conspiracy allegations under Section 1985 contained in

Plaintiff's Amended Complaint must be dismissed as to all Defendants under Rule 12(b)(6).

### 6. Section 1986

Plaintiff's Amended Complaint pleads various claims of relief—claims 14, 15, and 16—against private entities and individuals names as Defendants under Section 1986 of Title 42. Specifically, Plaintiff alleges that Home Box Office, Verizon, and King Teleservices violated his rights under Section 1986. Allegedly, those Defendants knew other Defendants were conspiring to violate Plaintiff's rights under Section 1985, but failed to act in prevention of such violation.

 Section 1986 creates liability for every person who, "having knowledge that any of the wrongs conspired to be done, and mentioned in [S]ection 1985 ... and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do," where "such person by reasonable diligence would have prevented" the acts. 42 U.S.C. § 1986. A Section 1986 claim "must be predicated upon a valid [Section] 1985 claim." *Brown v. City of Oneonta*, 221 F.3d 329, 342 (2d Cir.2000); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir.1993).

Because Plaintiff fails to present a valid Section 1985 claim, as discussed above, he also necessarily fails to present a valid Section 1986 claim. As such, allegations under Section 1986 contained in Plaintiff's Amended Complaint must be dismissed as to all Defendants under Rule 12(b)(6).

### 7. RICO

Plaintiff ends his fifty-eight page complaint with allegations that various private entities named as Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In claims 18, 19, and 20, he alleges that Defendants Home Box Office, Verizon, Ocwen Bank, and others engaged in a racketeering enterprise that injured him by a pattern of coercion, intimidation, threats and harassment, and by a pattern of mail and wire fraud.

 To successfully plead under the RICO statute, 18 U.S.C. § 1962, a plaintiff must show " '(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.' " *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, 2004 WL 2187069, at *4 (S.D.N.Y. Sept.29, 2004) (quoting *Moss v. Morgan Stanley*, 719 F.2d 5, 17 (2d Cir.1983)). To properly plea a pattern of racketeering activity, a plaintiff must show "that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). The duration, frequency, and substance of the purported racketeering activity are measured independently for each individual defendant. *DeFalco v. Bernas*, 244 F.3d 286, 322 n. 22 (2d Cir.2001). To properly plea the existence of a racketeering enterprise, a plaintiff must show evidence of an ongoing organization, *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), as well as evidence of its hierarchy, structure and activities, *Manhattan Telecomm. Corp. v. DialAmerica Mktg., Inc.*, 156 F.Supp.2d 376, 380 (S.D.N.Y. 2001). Again, conclusory allegations are insufficient to survive a motion to dismiss RICO claims, *O & G Carriers, Inc. v. Smith*, 799 F.Supp. 1528, 1543 (S.D.N.Y. 1992), especially given the " 'inevitable stigmatizing effect" ' a RICO claim can have on a defendant, *Allen v. New World*

*Coffee, Inc.,* 2002 WL 432685, at *2 (S.D.N.Y. Mar.19, 2002).

■ Plaintiff's allegations regarding a purported RICO enterprise and Defendants' actions in furtherance of that enterprise are wholly conclusory. Plaintiff's Amended Complaint fails to allege specifically any racketeering activity or predicate actions by any Defendants. For example, the Amended Complaint merely alleges that Defendant Verizon used the mail and phone services to defraud Plaintiff's clients, without pointing to particular uses of such services or frauds perpetrated against Plaintiff or his clients. *See* Am. Complaint at p. 41–42, ¶ 1. Plaintiff's Amended Complaint also fails to plea with specificity the existence of a racketeering enterprise, or its purported hierarchy, organization, continuing structure, or activities. It merely states the existence of an enterprise. As such, allegations under RICO must be dismissed as to all Defendants.

## IV. Conclusion

For all these reasons, I dismiss the above-captioned case as to all Defendants.

SO ORDERED.